CLD-216-E                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2463
_____

IN RE: RICHARD CORBIN,
                              Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the
Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cr-00352-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 17, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed  June 20, 2011 )
_____

OPINION
_____

PER CURIAM.

        Richard Corbin has filed a pro se "petition for a writ of prohibition" under 28

U.S.C. § 1651, claiming that the United States District Court for the Eastern District of

Pennsylvania is without subject-matter jurisdiction over his pending trial on various

criminal charges.  See E.D. Pa. Crim. No. 10-cr-00352-002.[1]  Corbin asks that we "bar[]

further prosecution" pending proof of "jurisdiction over the accused to be a fact at law."

Petition at 1.  Among other things, Corbin argues that "he is only subject to judicial

power at common law.  Judicial power at common law requires a corpus delecti or real

damaged party who has sworn out a complaint and provided an indemnity bond, which is

lacking in the accusatory instrument and on the record."  Id. at 3.

A writ of prohibition or mandamus under § 1651 is a drastic remedy available in

extraordinary circumstances only.[2]  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d

372, 378 (3d Cir. 2005).  The petitioner seeking this relief must show that "(1) no other

adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of

the writ is clear and indisputable, and (3) the writ is appropriate under the

circumstances."  Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam)

(quotation marks omitted).

Corbin has not shown an entitlement to the extraordinary remedy that he seeks.

---

[1] The District Court docket reflects that Corbin's trial commenced on June 6, 2011.
Corbin is represented by counsel in the criminal proceeding.

[2] We have explained that "a writ of mandamus may appear more appropriate when the
request is for an order mandating action, [while] a writ of prohibition may be more
accurate when the request is to prohibit action," but that "modern courts have shown
little concern for the technical and historic differences between the two writs."  In re
School Asbestos Litigation, 921 F.2d 1310, 1313 (3d Cir. 1990).  Accordingly, it is of
no moment to our analysis here whether Corbin's request is properly characterized as
one for mandamus or prohibition, as "the form is less important than the substantive
question of whether an extraordinary remedy is available."  Id. (quotation marks and
brackets omitted).

Corbin can raise, and apparently already has raised, his jurisdictional challenge before the District Court, and thus has an adequate alternative means to obtain the relief that he now seeks. If Corbin is dissatisfied with the District Court's adjudication of the jurisdictional issue, he can pursue the issue on appeal after entry of a final judgment in his criminal case, should an adverse judgment be entered against him. Finally, Corbin also has not shown on the present record that his right to the relief sought through his jurisdictional challenge is "clear and indisputable" so as to support this Court's issuance of an extraordinary writ under § 1651.

For the foregoing reasons, we will deny the petition for a writ of prohibition.